UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

RECEIVED JUN 02 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| In re:  Case No. A03-00992-DMD | Chapter 7 |
|---|---|
| KATMAI PRO SHOP, INC., an Alaska Corporation, | Filed On 5/10/06 |
| Debtor. | |
| KENNETH W. BATTLEY | 3:06-CV-00132 TMB |
| Plaintiff, | Adversary Case No. 04-90026-DMD |
| v. | |
| CRAIG SCHWEITZER | |
| Defendant. | |

## *SUA SPONTE* MOTION TO WITHDRAW THE REFERENCE

**TO:** The United States District Court.

Introduction

The bankruptcy court brings this motion, *sua sponte*, pursuant to 28 U.S.C. § 157(d) and Alaska LBRs 5011-1, 9015-2 and 9033-1 to withdraw the reference of this adversary proceeding to the United States District Court for the District of Alaska. This motion is brought on the ground that the majority of the issues in this proceeding constitute non-core, related proceedings. In such proceedings, the bankruptcy court is limited to hearing the matter and submitting proposed findings of fact and conclusions of law to the

district court, in accordance with 28 U.S.C. § 157(c)(1). Although the bankruptcy court has concluded that the dispositive issue in this case is a core matter, over which it could enter a final judgment, it brings this *sua sponte* motion to withdraw the reference so that a final judgment can be entered, as to all claims, by a court having jurisdiction to do so.

Discussion

Katmai Pro Shop, Inc. ("KPC"), filed a chapter 11 petition on September 5, 2003. At the time the petition was filed, KPC was party to a lease/purchase agreement with the defendant, Craig Schweitzer. The agreement concerned a 1953 DeHavilland Beaver floatplane owned by KPC. Key Bank held a perfected security interest in the Beaver. Schweitzer was to make the payments required under the lease/purchase agreement directly to Key Bank.

Schweitzer used the floatplane during the summer of 2003, before KPC filed bankruptcy. The Beaver's motor was "timed out" by the end of the summer and Schweitzer was required to replace it, at his expense, per the terms of the lease/purchase agreement. He removed the motor in September, 2003. Key Bank moved for relief from stay at about the same time. Over the winter, Schweitzer disassembled the plane. A dispute arose regarding the completeness of the log books for the Beaver. Schweitzer defaulted on the monthly payments due under the lease/purchase agreement in December, 2003.

2

KPC initially moved to assume the lease/purchase agreement with Schweitzer, as provided under 11 U.S.C. § 365,[1] but that motion was never ruled upon. In February, 2004, KPC moved to reject the lease/purchase agreement.[2] That motion was granted in March, 2004. Key Bank was granted relief from stay at the same time.

In May, 2004, KPC initiated this adversary proceeding against Schweitzer. KPC's complaint asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, conversion, trespass to chattel, negligence and punitive damages. These are all non-core, related proceedings.[3] Almost a year later, on April 20, 2005, KPC's bankruptcy was converted to chapter 7 and the chapter 7 trustee, Kenneth Battley, substituted in as plaintiff in this proceeding.

Schweitzer, in his amended answer, asserted the bankruptcy court lacked jurisdiction over this matter and prayed for dismissal of the action. In his trial brief, Schweitzer argued that the effect of the rejection of the lease/purchase agreement was to terminate the contract prepetition and thus deprive the trustee of any contractual claims against him. This affirmative defense, which is based entirely on federal bankruptcy law, is a core proceeding.[4]

---

[1] 11 U.S.C. § 365(a) permits the trustee to "assume or reject any executory contract or unexpired lease of the debtor."

[2] Rejection of an executory contract or unexpired lease constitutes a breach of such contract or lease "immediately before the date of the filing of the petition." 11 U.S.C. § 365(g)(1).

[3] *Dunmore v. United States*, 358 F.3d 1107, 1113-14 (9th Cir. 2004).

[4] *Id.* at 1114-15.

3

I agree with Schweitzer that the rejection of the lease/purchase agreement deprived the trustee of standing to assert the contract claims alleged in the complaint.[5] Although the bankruptcy court has jurisdiction to enter a final judgment on this issue, as it is a core matter, it cannot enter a final judgment as to the trustee's non-core, related claims. A bankruptcy court may hear non-core, related proceedings, but cannot enter a final judgment in such proceedings absent the consent of all parties in interest.[6] Schweitzer does not consent to entry of a final judgment by the bankruptcy court.

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such a proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.[7]

Consistent with 28 U.S.C. § 157(c)(1), the bankruptcy court has prepared proposed findings and conclusions after trial of this matter. This proceeding should now be withdrawn so that the district court, which has jurisdiction to enter judgment as to both the core and non-core matters asserted in this proceeding, may enter a final judgment as to all claims. It is respectfully requested that the reference be withdrawn for review of the

---

[5] *Cheadle v. Appleatchee Riders Ass'n (In re Lovitt)*, 757 F.2d 1035, 1041 (9th Cir. 1985); *see also* Michael T. Andrew, *Executory Contracts in Bankruptcy: Understanding 'Rejection,'* 59 U. Colo. L. Rev. 845, 862-64 (Fall 1988).

[6] 28 U.S.C. § 157(c).

[7] 28 U.S.C. § 157(c)(1).

4

bankruptcy judge's findings and conclusions and entry of a final judgment by the United States District Court for the District of Alaska.

RESPECTFULLY SUBMITTED this 10th day of May, 2006.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: W. Artus, Esq. (for plaintiff)
E. LeRoy, Esq. (for defendant)
U. S. Trustee
P. Gingras, Adv. Case Mgr.
C. Rapp, Judicial Assistant

05/10/06